IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NUMBER: |
| | ) | cv-25- |
| vs. | ) | JURY TRIAL DEMAND |
| | ) | |
| CTTT, LLC d/b/a MONEYTAX SERVICE SELMA, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for legal and equitable relief to redress FLSA violations, quantum meriut, breach of contract and retaliation against Plaintiff, Tera Blue.

2. This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff of her lawful wages. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff pursuant to the FLSA. Plaintiff also brings claims under Alabama state law for quantum meriut and breach of contract.

1

## II. <u>JURISDICTION AND VENUE</u>

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202 and 29 U.S.C. §2601. Jurisdiction over Plaintiffs' claims under Alabama law exist pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

4. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Selma and Montgomery, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

5. Plaintiff has filed her retaliation claims pursuant to 29 U.S.C. §201 *et seq.* within two (2) years of the retaliatory treatment.

6. Plaintiff has filed her FLSA claims pursuant to 29 U.S.C. §201 *et seq.* within two years of the failure to pay wages owed.

7. Plaintiff requests a jury trial on all issues.

## III. <u>PARTIES</u>

8. Plaintiff Tera Blue resides in Selma, Alabama, and is a citizen of the United States. Ms. Blue was employed by MoneyTax at the 1509 Broad Street, Selma, Alabama location. Ms. Blue was employed with MoneyTax from December 12, 2022, until February 11, 2023, as a Tax Preparer.

9.      Defendant, CTTT, LLC d/b/a MoneyTax Service Selma (hereinafter "MoneyTax" or "Defendant"), is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the FLSA. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

10.     At all times material to this action, Plaintiff was employed by Defendant at one of its Selma, Alabama stores as a Tax Preparer. Defendant's corporate headquarters are located in Montgomery, Alabama.

## IV.  STATEMENT OF FACTS AND CLAIMS

### A.  FIRST CAUSE OF ACTION: FLSA VIOLATIONS PURSUANT TO 29 U.S.C. §201 *et seq.*

11.     At all times material to this action, MoneyTax employed Plaintiff as an hourly Tax Preparer.  MoneyTax controlled all aspects of Plaintiff's employment and therefore was considered to be her employer under the FLSA.

12.     Defendant intentionally failed or refused to pay Plaintiff for all hours worked and failed to pay her minimum wages and overtime rates according to the provisions of the FLSA.

13.     Plaintiff's duties as a Tax Preparer included, but were not limited to, meeting with clients and preparing their tax returns.  Plaintiff met with clients and prepared tax returns at an office provided by Defendant, using equipment provided

by Defendant. Plaintiff worked numerous hours per week and often worked over 40 hours per week.

14. Plaintiff was hired by MoneyTax and promised to be paid a commission of for every tax return that was accepted by the IRS. At the time Plaintiff's employment ended, she had approximately 99 tax returns that had been accepted by the IRS. Although Plaintiff did not receive the commissions she was owed, she still was not paid any compensation for straight time or overtime hours she worked for Defendant.

15. MoneyTax has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of Plaintiff in accordance with §206 and §207 of the FLSA.

16. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum and/or overtime wages in accordance with §206 and §207 of the FLSA.

17. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

18. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of minimum wages and/or overtime compensation in an amount to be

4

determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

### B. SECOND CAUSE OF ACTION: RETALIATRY DISCHARGE

19. Defendant has willfully violated the FLSA by terminating the plaintiff's employment because the plaintiff complained about not being paid according to the FLSA. Plaintiff was terminated shortly after she made her complaints.

20. Defendant's actions, as described above, were willful and not taken in good faith.

21. As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost wages and benefits.

### C. STATE LAW CLAIMS

#### 1. QUANTUM MERUIT

22. During Plaintiff's employment, she was not paid for services rendered or work done as promised as part of her employment with MoneyTax.

23. As a result of the work performed and the failure of Defendant to make payment, Plaintiff is owed money from Defendant for the work performed.

## 2. BREACH OF CONTRACT

24. Plaintiff and Defendant entered into a contract where Plaintiff promised to work for Defendant and prepare tax returns for clients. In consideration for this work performed for Defendant, Defendant agreed to pay Plaintiff a $200 commission for every tax return accepted by the IRS.

25. At the time of Plaintiff's termination she had prepared 99 tax returns that had been accepted by the IRS. To date, Defendant has failed or refused to pay Plaintiff any of the commissions she is owned.

26. Wherefore, Plaintiff has suffered monetary damages in the amount of $200 for ever return accepted by the IRS.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by the FLSA and Alabama state law.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate the FLSA and Alabama state law.

3. Plaintiff be awarded damages in the amount of her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest. Plaintiff also seeks an award of damages for the breach of contract.

4. Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, liquidated damages and/or nominal damages.

5. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE CLAIMS.**

Respectfully submitted,

**/s/ *Kevin W. Jent***
Kevin W. Jent
Counsel for Plaintiff
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0543

**DEFENDANT'S ADDRESS:**
To be served via certified mail:

    CTTT, LLC d/b/a MONEYTAX SERVICE SELMA
    c/o Registered Agent Briggette Sutton
    3447 McGehee Road
    Montgomery, Alabama 36111